Brooke D. Hagara, WSBA #35566
Hagara Law PLLC
1410 N. Mullan Rd. Ste. 207
Spokane Valley, WA 99206
Phone: (509) 290-6520
Email: brooke@hagaralaw.com

Attorney for Casey A. Greer
HONORABLE Mary Dimke

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASEY ALLEN GREER (2),<br><br>Defendant. | NO. 2:23-CR-00074-MKD-2<br><br>Defendant Greer's Sentencing Memorandum |

Casey Allen Greer, by and through his attorney, Brooke D. Hagara, of Hagara Law, PLLC, hereby submits his Sentencing Memorandum.

I. Introduction

Mr. Greer respectfully requests this court sentence him to 35 years incarceration, as per the statutory minimum on Counts 1-3 (25 year minimum), running consecutively to Count 7 (10 year minimum). Mr. Greer requests this court run his sentence concurrent with the sentence imposed by Spokane County Superior Court Case Number 22-1-00123-32, including the two years Mr. Greer has already served for the same conduct charged in this case.

A sentence of 25 years is sufficient but not greater than necessary after the court evaluates the advisory guidelines ranges and the factors under 18 U.S.C. § 3553(a). This sentence is also the minimum sentence required considering all counts on which the jury convicted Mr. Greer. A sentence of 35 years balances his relevant criminal history, provides him the opportunity to engage in programming, adequately deters future criminal activity, and protects the public.

## II. <u>18 U.S.C. § 3553(a)</u>

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed—
>
>    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    b. to afford adequate deterrence to criminal conduct;
>    c. to protect the public from further crimes of the defendant; and
>    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

   (3) the kinds of sentences available…

(Emphasis added.)

 Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

 The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

### a.  History, characteristics, and criminal history of the defendant.

Mr. Greer was sexually assaulted when he was four years old. PSR at 19. His family never offered him help to address this trauma, he never went to a therapist, and he never saw any justice for the crimes committed against him. *Id.* He spent his childhood between an abusive home with an alcoholic mother, and in and out of foster care. *Id.* He experienced constant abandonment, neglect, and abuse in his formative years, leaving him unable to cope with his abuse or understand appropriate boundaries with children and sexual activity.

When Mr. Greer was a teen in the 1990s, the traumatic consequences of his childhood abuse came full circle. PSR at 16. Due to his unprocessed and untreated trauma skewing his sense of right and wrong, he had an inappropriate interaction with the child of a family member. *Id.* When law enforcement became involved, he cooperated fully and admitted to the entirety of the interaction. *Id.*

At the time of this conviction, Mr. Greer was evaluated for

therapy, but was determined to not be a candidate for outpatient therapy due to not fully understanding the depth of his sexual problems. *Id.* at 17. The court never required him to engage in sex offender treatment or programming. He never received the help he needed to address his trauma or the resulting inappropriate behaviors and perversion of sexual norms. He could not ever afford to seek help on his own due to his economic circumstances.

After Mr. Greer's 1996 case, he has not had any relevant criminal history until the case before the court today. He has demonstrated that, outside of the conduct in this case, he is not a danger to society. He is not a violent man, and he does not have other criminal tendencies beyond those that stem from the abuse and lack of services he endured as a child.

a. **Nature and circumstances of the offense**

Mr. Greer needs to be treated for sexual deviancy. While the issue of sexual deviancy is complex, Mr. Greer does not have a drug or alcohol addiction to complicate his ability to complete treatment. He

will be able to immediately focus on addressing his trauma and the subsequent deviancy during his incarceration with available programming; unlike an individual who has other mental health or addiction issues.

Mr. Greer also has the ability to comprehend and learn from treatment. He has a GED and obtained an associate's degree in applied sciences. He will be more successful in treatment than someone with more diverse issues to address and less education to apply the treatment.

**b.   A 35-year sentence is sufficient to provide Mr. Greer with the necessary rehabilitation while also protecting the public.**

If the court sentences Mr. Greer to the minimum sentence of 35 years, he may have the opportunity to reenter society as a peaceful and law-abiding citizen. He humbly requests this court give him the chance to be a better man and to have some chance of release before the end of his life.

Mr. Greer is 47 years old; he will be 82 at release if this Court

imposes a 35-year concurrent sentence. This sentence length is sufficient to protect the public and provide Mr. Greer with the necessary rehabilitation.

A 35-year sentence adequately serves the factors the court must consider under 18 U.S.C. § 3553(a). The sentence accounts for the circumstances of the offense, Mr. Greer's history, is a just punishment, and supports deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). To sentence Mr. Greer to more than 35 years does not further satisfy any of these factors, it only further ensures Mr. Greer will likely die in prison.

Mr. Greer acknowledges the jury convicted him of horrific conduct that cannot be excused. However, sentencing is a balancing act that must take into consideration the conduct and the characteristics and background of the person before the court. Mr. Greer requests the court consider his difficult background and need for intensive treatment in addition to the circumstances of his offenses. For the aforementioned reasons, he respectfully requests the court impose a 35-year concurrent

sentence.

RESPECTFULLY SUBMITTED this 7th day of April, 2025.

   /s/ Brooke Diane Hagara
Brooke D. Hagara, WSBA #35566
Attorney for Casey Allen Greer

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys Ann Wick and Laurel Holland.

   /s/ Brooke Diane Hagara
Brooke D. Hagara